UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF PENNSYLVANIA

FILED
SCRANTON
SEP 1 2 2016
Per_____
DEPUTY CLERK

LUIS DEJESUS,

    Plaintiff,

v.

C.O. CAREY, et al.,

    Defendants.

Civil Action No. 3:15-CV-2504

(Judge Kosik)

## MEMORANDUM

Before the court for disposition is the Plaintiff's motion for relief from judgment (Doc. 12). For the following reasons, the motion will be granted.

### I. BACKGROUND

Plaintiff, Luis DeJesus, filed a federal civil rights action, *pro se*, on December 9, 2015 (Doc. 1). Plaintiff alleged that he was assaulted by a correctional officer and retaliated against by this correctional officer, because of past grievances Plaintiff filed against him. (Id.) Pursuant to the statutory obligations under 28 U.S.C. § 1915(3)(2), Magistrate Judge Martin C. Carlson screened the complaint and recommended that the Court dismiss Plaintiff's complaint without prejudice, and allow Plaintiff to amend his complaint to state a viable cause of action. (Doc. 6). We adopted the Magistrate Judge's recommendation on January 27, 2016, and allowed Plaintiff twenty (20) days in which to amend his pleading to state a claim upon which relief may be granted. (Doc. 8).

Plaintiff did not file an amended complaint within the time allowed. The Magistrate Judge issued a March 22, 2016 Report and Recommendation, recommending that Plaintiff's complaint be dismissed with prejudice as frivolous for failure to state a claim, and to close this case. (Doc. 9). Plaintiff did not file objections to the Report and Recommendation, and on April 18, 2016, this Court issued an order adopting the Magistrate Judge's March 22, 2016 report (Doc. 9), dismissed this case with prejudice, and closed this case. (Doc. 10). After the

passage of nearly four (4) months, Plaintiff filed a motion for relief from judgement (Doc. 12), seeking leave to amend his original complaint.

## II. DISCUSSION

Plaintiff seeks relief from the April 19, 2016 Order, dismissing and closing this case pursuant to Fed.R.Civ.P. 60. (Doc. 12). While Plaintiff does not specify which subpart of Rule 60 he seeks relief under, we will treat this motion as one filed pursuant to Fed.R.Civ.P. 60(b). Motions filed pursuant to Rule 60(b) are "directed to the discretion of the trial court, and its exercise of that discretion will not be disturbed unless there [is] clear error and abuse of discretion." SEC v. Warren, 583 F.2d 115, 120 (3d Cir. 1978). Under Fed.R.Civ.P. 60(b), "the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud...misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Plaintiff's claims neither fit, nor does he argue for relief under subsections (2) through (5) of Rule 60(b). Thus, we will deem Plaintiff's motion to invoke Rule 60(b)(1), and specifically rely on the "excusable neglect" clause/standard.[1] Whether a party's neglect is " 'excusable' is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file." Chemetron Corp v. Jones, 72 F.3d 341, 349 (3d Cir. 1995) (citing Pioneer Inv. Services Co. v. Brunswick Associates Ltd P'ship et al., 507 U.S. 380, 395 (1993). Such factors courts are to consider include: "the

---

[1] We do not find that Plaintiff invokes Rule 60(b)(6), because the standard for relief under this "catchall provision" is much higher than for relief under Rule 60(b)(1). Hurtado v. Moshannon Valley Corr. Ctr., Civ. No. 14-190J, 2014 WL 6694107 (W.D. Pa. Oct. 30, 2015). Thus, even if Plaintiff had articulated his relief under subsection 6, "our finding that he did not meet the lesser standard under subsection 1, necessarily implies that he did not meet the higher standard under subsection 6." Id. at *4 n.2.

2

danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. Finally, it is the Plaintiff's burden to establish excusable neglect. Hurtado, 2014 WL 6694107, at * 3.

Considering the first factor, the Court concludes that there is little to no danger of prejudice to the Defendants. No defendants have been served with the complaint yet, as this is a *pro se* Plaintiff, and the Magistrate Judge was screening the complaint prior to service pursuant to his 28 U.S.C. § 1915(3)(2) obligation. As such, we find this factor weighs in favor of granting the motion.

The next factor this Court is to consider is the length of delay in filing the motion. The delay is measured from the date of entering the final judgment from which relief is sought, to the date of the filing of the Rule 60(b) motion. Hurtado, 2014 WL 6694107, at * 3, citing Rodriguez v. Kuhlman, Civ. No. 98-cv-63, 2013 WL 4778173, at *4 (S.D.N.Y. Sept. 6, 2013). Here, the delay was almost four months, *i.e.*, from April 18, 2016, the date of this Court's Order dismissing this case (Doc. 10), and August 8, 2016, the date that this motion was filed (Doc. 12). We find this factor weighs slightly in favor of granting the motion.

Plaintiff alleges in his motion that he submitted an amended complaint, but it was never docketed. (Doc. 12). In further support of his motion, he also alleges that the reason for his delay was because the "jailhouse lawyer" he relied upon to help him file pleadings in this case was sent to disciplinary segregation.[2] (Doc. 13, Aff. of Larry Knight). Given Plaintiff's unique circumstances, we find that the nearly four month delay in filing the instant motion was not an unreasonable delay.

The third factor, the reason for the delay, including whether it was within the

---

[2] Plaintiff also attached an affidavit in support of his motion from his "jailhouse lawyer," Larry Knight, supporting his proposition that the reason for his delay was the fact that Larry Knight was in disciplinary segregation during the time Plaintiff had to amend the complaint; thus, Plaintiff had to wait until Mr. Knight was no longer segregated to file this motion.

reasonable control of the movant, also weighs slightly in favor of the Plaintiff. Plaintiff alleges in his motion that he is "mentally and intellectually disabled" and therefore relied upon his "jailhouse lawyer" to assist him in the filings of this action. (Doc. 13). It is for this reason coupled with his "jailhouse lawyer" being sent to disciplinary segregation during the time Plaintiff was to file an amended complaint, that Plaintiff alleges the reason for the delay. (Id.) Given these alleged unique circumstances of the Plaintiff, we find this factor weighs slightly in favor of granting the motion.

Finally, the last factor this Court is to consider is whether Plaintiff acted in good faith. The record does not explicitly demonstrate bad faith on behalf of Plaintiff, and so we consider this factor in favor of granting the motion.

Therefore, considering all the above factors, we conclude that they weigh in favor of granting the motion. An appropriate order follows.