FILED
SCRANTON

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

OCT 2 0 2016

PER _____
DEPUTY CLERK

LUIS DeJESUS,                          :

        Plaintiff,                   :
                                 :

        v.                           :        CIVIL NO. 3:15-CV-2504
                                 :

C.O. CAREY, et al.,                    :        (Judge Kosik)
                                 :

        Defendants.                  :

## MEMORANDUM

Before the court is the amended complaint of Luis DeJesus ("Plaintiff"), an inmate currently incarcerated at the State Correctional Institution ("SCI") at Camp Hill, Pennsylvania. Plaintiff filed this action on December 28, 2015, pursuant to 42 U.S.C. § 1983 against five (5) individuals. The incidents alleged occurred at SCI-Frackville. Plaintiff alleged that he was assaulted by Correctional Officer Carey and then retaliated against by Carey for filing past grievances. He also named four supervisory defendants, Superintendent Tritt, Lieutenant Popson, Dorina Varner, a corrections grievance processing supervisor, and John Wetzel, the Secretary of the Department of Corrections ("DOC"). In the amended complaint, the same Defendants are named. (Doc. 18.) Also pending is Plaintiff's motion seeking the appointment of counsel in this matter. (Doc. 19.)

## I.    Background

A Report and Recommendation was issued on January 6, 2016, finding that
although the motion to proceed in forma pauperis should be granted, the complaint
should be dismissed without prejudice for Plaintiff to cure the deficiencies in the
complaint by filing an amended complaint. (Doc. 6.) It was specifically noted that
although the claim against Defendant Carey was well-pleaded, it did not state when
the alleged activity had occurred. This was a fatal flaw. Further, the four remaining
defendants were only named because they "unconstitutionally manipulated" the
prison grievance process when they failed to act favorable upon Plaintiff's
grievances. Plaintiff also sought a specific amount of damages in his complaint.

On January 27, 2016, the Report and Recommendation of the Magistrate Judge
was adopted by the court. (Doc. 8.) However, because no amended complaint was
ever submitted by the Plaintiff within the twenty (20) days allotted by the court, a
Report and Recommendation was issued on March 22, 2016, recommending that the
complaint be dismissed with prejudice as frivolous for failure to state a claim, and be
closed. (Doc. 9.) No objections were filed. On April 18, 2016, the court adopted the
Report and Recommendation of the Magistrate Judge, and the complaint was
dismissed. Accordingly, this case was then closed. (Doc. 10.)

On August 8, 2016, Plaintiff filed a motion for relief from judgment. On

2

September 12, 2016, the motion was granted when the court found that Plaintiff asserted the necessary factors that weighed in favor of granting his motion.  (Doc. 14).  Based on the foregoing, the court directed that the case be re-opened.  (Doc. 15.)  Plaintiff was given twenty-one (21) days within which to submit an amended complaint.  Although he moved for an enlargement of sixty (60) days within which to file an amended complaint (Doc. 16), an amended complaint was submitted on October 6, 2016 (Doc. 18), and accepted by the court for screening.  (Doc. 20.)  On the same date the amended complaint was filed, Plaintiff also filed a motion seeking the appointment of counsel.  (Doc. 19.)  The court will now address the motion for counsel and will screen the amended complaint submitted by Plaintiff in accordance with the standards previously set forth in this case.

## II.    Discussion

### A.    Amended Complaint

In reviewing the amended complaint, Plaintiff fails to set forth any viable claims of excessive force or retaliation.  It is clear in reviewing the amended complaint that the claims sought to be raised occurred some time in the year 2013.  Not only did the alleged force occur in 2013, but so did Plaintiff's sentencing with respect to this incident and the alleged resulting retaliation.  As such, these claims are barred by the statute of limitations.  It is well established that there is no specific

3

statute of limitations for actions filed pursuant to 42 U.S.C. §1983. However, the Supreme Court has held that the statute of limitations for a §1983 claim is the state statute of limitations for personal injury actions. <u>Cito v. Bridgewater Twp. Police Dept.</u>, 892 F.2d 23, 25 (3d Cir. 1989)(citing <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985)). Since Pennsylvania has a two (2) year statute of limitations for personal injury actions, the statute of limitations applicable to claims brought under § 1983 in Pennsylvania is two years. <u>See</u> 42 Pa.C.S.A. § 5524; <u>Fitzgerald v. Larson</u>, 769 F.2d 160, 162 (3d Cir. 1985).

Plaintiff filed this action on December 28, 2015. As such, any cause of action that accrued on or prior to December 28, 2013, is barred by the applicable statute of limitations. Applying this statutory bar, all claims set forth in the complaint related to the alleged excessive force incident, the sentencing resulting therefrom, and the grievances filed with respect thereto, are barred. It is clear that the acts alleged by Plaintiff occurred more than two (2) years prior to the date the action was commenced. There is no possible way that the incidents alleged regarding the fight, the sentencing and the alleged retaliation for filing grievances with respect to the fight could have occurred on the last two (2) days of 2013. As such, Plaintiff's claims with respect to the alleged force and retaliation are barred.

Moreover, Plaintiff was also granted the opportunity to attempt to set forth

4

viable claims against the four (4) supervisory Defendants in the amended complaint. Not only does he fail to do so, but he actually does not refer to said Defendants except in the caption. Although Plaintiff alleges that "other staff members stood by and allowed this beating to happen" (Doc. 18 at 2), and thus attempts to state an excessive force claim against them for failing to intervene, to the extent Plaintiff is referring to the other named Defendants, the court has already found that this claim is barred by the applicable statute of limitations. As such, any claims set forth against Defendants Tritt, Varner, Popson and Wetzel will be dismissed in that they are either barred by the statute of limitations and/or Plaintiff fails to allege any personal involvement on these Defendants' behalf, as aptly set forth by the Magistrate Judge in his Report and Recommendation of January 6, 2016, adopted by the court on January 27, 2016. (Docs. 6, 8.)

The majority of the amended complaint is with respect to the fight that took place at SCI-Frackville and Plaintiff's excessive force claim. The court has found this claim to be barred, as stated above. However, Plaintiff also alleges that Defendant Carey had a separation put on him following the fight, but still managed to work on Plaintiff's block at SCI-Frackville.[1] Plaintiff alleges that Carey "spit in [his] food" and "cut [his] portions." (Doc. 18, ¶ 10.) Out of an abundance of caution, the

---

[1] Plaintiff does not dispute that he is no longer confined at SCI-Frackville.

court will allow Plaintiff one final attempt to amend his complaint, but only with respect to his claim that Carey spit in his food.

Under the Eighth Amendment, prisoners are constitutionally protected from cruel and unusual punishment. Farmer v. Brennan, 511 U.S. 825 (1991); Allah v. Ricci, 532 F. App'x 48 (3d Cir. 2013). However, not all deficiencies and inadequacies in prison conditions amount to a violation of an inmate's constitutional rights. Rhodes v. Chapman, 452 U.S. 337 (1981); Booth v. King, 228 F. App'x 167, 171 (3d Cir. 2007). Cruel and unusual punishment will only be found "where, viewing the totality of the conditions in the prison, the inmate's conditions of confinement, alone or in combination, deprive him of the minimal civilized measure of life's necessities." Id. (quoting Tillery v. Owens, 907 F.2d 418, 426-27 (3d Cir. 1990)).

In the non-medical context, the Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measure to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). To assert a viable claim, a prisoner must satisfy both an objective and subjective test. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). Specifically, a prisoner must show that the alleged deprivation is "sufficiently

6

serious" and that he has been deprived of the "minimal civilized measure of life's

necessities." Farmer, 511 U.S. at 834. A prisoner must also demonstrate that "he is

incarcerated under conditions posing a substantial risk of serious harm" and that

prison officials possessed a "sufficiently culpable state of mind" and demonstrated

"deliberate indifference" to his health or safety. Id. However, only "extreme

deprivations" are sufficient to present a claim for unconstitutional conditions of

confinement. Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

 While the court finds that providing Plaintiff with smaller portions, in and of

itself, does not state a sufficiently serious claim, spitting in an inmate's food by an

officer can state a claim. It has been held that "prison officials may violate the Eighth

Amendment by serving unsanitary, spoiled or contaminated food if the prisoner also

alleges that he or she suffered a distinct and palpable injury." See Robles v.

Loughlin, 725 F.2d 12, 15 (2dCir. 1983); see also Escobar v. Mora, et al., 496 F.

App'x 806 (10th Cir. 2012)(inmate stated a claim when he alleged he lost 30 lbs and

suffered psychological and mental injury because officer spit in food.) However,

food tampering has also been found not to state a claim where no physical injury has

been alleged. See Rieco v. Moran, et al., 633 F. App'x 76 (3d Cir. 2015)(inmate did

not state an 8th Amendment food tampering claim where no injury alleged).

 In the instant case, Plaintiff does not set forth allegations as to when this

7

alleged conduct occurred and what, if any, physical injury he suffered as a result therefrom.  Plaintiff only alleges that Defendant Carey spit in his food and does not allege how he knew it occurred.  As such, and even though Plaintiff has previously been granted leave to amend, the court will grant him this one final opportunity to attempt to state an Eighth Amendment claim with respect to his allegations that Defendant Carey spit in his food.  The amended complaint is limited to this claim, and must be in strict compliance with the requirements set forth in the Report and Recommendation issued by the Magistrate Judge on January 6, 2016 (Doc. 6), and adopted by this court on January 27, 2016 (Doc. 8).

**B.     Motion for Appointment of Counsel**

Plaintiff seeks the appointment of counsel in this case claiming that: (1) he suffers from "mental issues"; (2) he has a hard time finding help from other inmates because by helping him they put themselves under the spotlight; (3) he is unable to obtain discovery since he is a state inmate; (4) prison officials are sometimes unresponsive to his discovery, and therefore defendants have an advantage; and (5) he is in need of a videotape.

It is well established that there is neither a constitutional nor statutory right to counsel for civil litigants. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2001). Congress has granted district courts the discretion to "request an attorney to represent

8

any person unable to afford counsel." 28 U.S.C. § 1915(e)(1)(noting that appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) is "discretionary"). A court's discretionary authority to appoint an attorney to represent a civil litigant (prisoner or non-incarcerated individual) only comes into play when the party is proceeding within the terms of 28 U.S. C. § 1915, *Proceedings In Forma Pauperis*, which necessarily implies the litigant's indigent status, and is made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Without passing judgment as to the ultimate merits of Plaintiff's claims, for the sole purpose of this motion the court will assume that the case has arguable merit in law and the facts.

Upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Plaintiff's motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. In fact, the court does not even have an acceptable amended complaint before it at this point. However, even assuming there was, there is no indication that Plaintiff is incapable of presenting his arguments to the court. Although he has been directed to submit a second amended complaint, he appears literate and able to litigate this matter on his own. Any concerns over conducting discovery are premature at this juncture, and most inmates conduct their own discovery without the aid of counsel in any event. The pleadings submitted by Plaintiff so far are clearly written, cite to pertinent legal authority, and detail the claims he desires to pursue. The remaining legal issue

10

involved is not complicated. There is no indication that Plaintiff's "mental issues" are at all impacting his ability to pursue this lawsuit. "It cannot be said, at least at this point, that Plaintiff will suffer substantial prejudice if he is required to proceed with the prosecution of this case on his own. The court's liberal construction of pro se pleadings, Haines v. Keener, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel at this time. His pending motion for counsel (Doc. 19) will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or pursuant to a properly filed motion. An appropriate order follows.